**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>        v.<br><br>IMC CONSTRUCTION COMPANY, INC., *et al.*,<br><br>    Defendants. | Civil Action No.<br>1:20-cv-02482-SDG |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Nautilus Insurance Company's (Nautilus) motion for summary judgment [ECF 42]. After careful review of the parties' briefing, the Court **GRANTS** Nautilus's motion.

**I.    BACKGROUND**

Unless otherwise noted, the following facts are undisputed or are supported by undisputed evidence in the record. Defendant Innocent Nwachukwu is the owner and sole officer of Defendant IMC Construction, Inc. (IMC).[1] Relevant here, IMC held Nautilus Commercial General Liability Policies from August 24, 2016 to August 24, 2018 (the Policies).[2]

---

[1]    ECF 42-1, ¶ 14; ECF 43, at 7:20–8:5.

[2]    ECF 42-1, ¶ 1.

On December 15, 2016, IMC entered into a contract with non-party David Gilmore for construction of an addition to a single-family residence that would add two bedrooms and two bathrooms (the Property).[3] The parties dispute whether and when a certificate of occupancy was obtained for the Property.[4] Defendant Niya Mitchell purchased the Property in December 2017.[5]

In April and May 2018, Mitchell contacted Nwachukwu about various issues with the Property.[6] Mitchell sent a letter to Nwachukwu on May 2, 2018, demanding that he repair or restore the issues with the Property and compensate her for the inconvenience.[7] At this point, Nwachukwu believed that Mitchell may file a lawsuit against him.[8] On June 13, 2018, Mitchell informed Nwachukwu that she had retained an attorney who would be contacting him about the dispute,[9] and, on August 27, 2018, Mitchell informed Nwachukwu that she would be

---

[3]  ECF 43, at 137.

[4]  ECF 42-1, ¶¶ 16, 18.

[5]  *Id.* ¶ 17.

[6]  *Id.* ¶¶ 19–20.

[7]  *Id.* ¶ 22.

[8]  *Id.* ¶ 21.

[9]  *Id.* ¶ 26.

starting "the litigation process."[10] On October 2, 2018, Mitchell's attorney sent IMC a "Notice of Construction Defects" pursuant to O.C.G.A. § 8-2-38, and demanded repairs and reimbursement for the issues with the Property.[11]

Mitchell filed suit against IMC and Nwachukwu on December 26, 2018, in the Superior Court of Gwinnet County, Georgia (the Mitchell Suit),[12] alleging that IMC and Nwachukwu failed to construct improvements to the Property in compliance with Georgia building code standards and failed to have the repairs approved by the City of Atlanta.[13] Mitchell further alleged that IMC and Nwachukwu violated the law by performing work on the Property and selling her a home without obtaining a Certificate of Occupancy.[14] Nwachukwu was served with the lawsuit on February 26, 2019,[15] but failed to respond to the complaint. The Superior Court entered default against IMC and Nwachukwu on June 3, 2019.[16]

---

[10]  *Id.* ¶ 27.

[11]  *Id.* ¶ 29.

[12]  *Id.* ¶ 31.

[13]  *Id.* ¶ 32.

[14]  *Id.* ¶ 33.

[15]  *Id.* ¶ 34.

[16]  *Id.* ¶ 36.

On October 22, 2019, Nwachukwu agreed to be deposed in the Mitchell Suit.[17] Nwachukwu was deposed, without legal representation, on October 23.[18] During the deposition, Nwachukwu claimed responsibility for the damages caused by IMC's work on the Property.[19]

On December 2, 2019, Mitchell's attorney sent a letter to Nautilus providing notice of the suit against its insureds, IMC and Nwachukwu.[20] Nautilus claims, and Mitchell disputes, that this was the first notification it received of the underlying lawsuit.[21] Nautilus agreed to defend IMC and Nwachukwu, subject to a reservation of rights.[22]

Nautilus filed this action on June 11, 2020, against IMC, Nwachukwu, and Mitchell, seeking a declaratory judgment, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, that it has no duty to defend or indemnify IMC or Nwachukwu in the Mitchell Suit.[23] The Court has subject matter jurisdiction over

---

17   *Id.* ¶ 38.

18   *Id.* ¶ 39.

19   Id. ¶ 40.

20   *Id.* ¶ 43.

21   *Id.* ¶ 42.

22   *Id.* ¶ 45.

23   *See generally,* ECF 1 (Compl.); ECF 35 (First Am. Compl.).

this case under 28 U.S.C. § 1332 because Nautilus is a citizen of Arizona;[24] IMC, Nwachukwu, and Mitchell are citizens of Georgia;[25] and the amount in controversy exceeds $75,000.[26] Mitchell is the only Defendant who has appeared.[27]

Nautilus moved for summary judgment, arguing that it is entitled to judgment as a matter of law because IMC and Nwachukwu failed to give timely notice of the underlying claim, which is a condition precedent to coverage, because Nwachukwu assumed obligations in violation of the Policies' terms, and because the Policies exclude from coverage losses arising out of "construction operations."[28] Mitchell filed a response in opposition and,[29] along with it, a transcript of a telephone call between Mitchell's attorney and Nwachukwu.[30] Nautilus filed a reply to Mitchell's response,[31] and also filed a notice objecting to consideration of the transcript because it is unverified, unauthenticated, and was

---

[24] ECF 1, ¶ 3.

[25] ECF 16 (Answer), ¶¶ 4–6.

[26] ECF 1, ¶ 20; ECF 16, ¶ 20.

[27] ECF 16.

[28] ECF 42, at 1–3.

[29] ECF 47.

[30] ECF 47-1.

[31] ECF 52.

not produced during discovery.[32] Mitchell disputes that the transcript is unauthenticated, filed an audio recording of the telephone call with the Court,[33] and claims that it was produced during discovery.[34]

## II.  LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it can affect the outcome of the lawsuit under the governing legal principles. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party seeking summary judgment has the burden of informing the district court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If a movant meets its burden, the party opposing summary

---

[32] ECF 51 (Pl.'s Notice of Obj.); ECF 54 (Pl.'s Reply to Mitchell Resp. Notice Obj.); ECF 57 (Pl.'s Corrected Notice Obj. Audio Clip); ECF 59 (Pl.'s Reply to Mitchell's Resp. Notice Obj. Audio Clip).

[33] ECF 55.

[34] ECF 53 (Mitchell's Resp. Notice Obj.); ECF 58 (Mitchell's Resp. Notice Obj. Audio Clip).

judgment must present evidence showing either (1) a genuine issue of material fact or (2) that the movant is not entitled to judgment as a matter of law. *Id.* at 324.

In determining whether a genuine issue of material fact exists, the evidence is viewed in the light most favorable to the party opposing summary judgment, "and all justifiable inferences are to be drawn" in favor of that party. *Anderson*, 477 U.S. at 255; *see also Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1246 (11th Cir. 1999). The Court may not make credibility determinations, weigh the evidence, or draw legitimate inferences from the facts, as these are jury functions. *Anderson*, 477 U.S. at 255. *See also Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). Summary judgment for the moving party is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. DISCUSSION

Nautilus argues that it is entitled to a declaratory judgment because IMC and Nwachukwu are not entitled to coverage for Mitchell's claims.[35] "The critical issue in a declaratory judgment action to determine the parties' obligations with respect to a liability insurance policy is whether the underlying suit alleges a claim

---

[35] ECF 42, at 1–3.

that is covered by the policy." *State Farm Mut. Auto. Ins. Co. v. Myers*, 316 Ga. App. 152, 153 (2012). An insurer's duty to "defend is determined by the contract; and since the contract obligates the insurer to defend claims asserting liability under the policy . . . the allegations of the complaint are looked to [ ] determine whether a liability covered by the policy is asserted." *Great Am. Ins. Co. v. McKemie*, 244 Ga. 84, 85 (1979). *See also Littrell v. Colony Ins. Co.*, 228 Ga. App. 552, 553 (1997) ("An insurer's duty to defend is determined by comparing the nature of the allegations in the complaint with the policy provisions."). If the complaint "does not assert any claim that could fall within the policy's coverage provisions, the insurer is justified in refusing to defend." *Travelers Prop. Cas. Co. of Am. v. Kan. City Landsmen, L.L.C.*, 592 F. App'x 876, 882 (11th Cir. 2015). "If there is no duty to defend, there is no duty to indemnify." *Nat'l Cas. Co. v. Pickens*, 582 F. App'x 839, 841 (11th Cir. 2014) (citing *Shafe v. Am. States Ins. Co.*, 288 Ga. App. 315, 317 (2007)).

Nautilus argues that the Policies do not provide coverage for Mitchell's claims because it did not receive prompt notice, Nwachukwu improperly assumed obligations, and a Construction Operations exclusion precludes coverage. The Court agrees that IMC and Nwachukwu failed to give proper notice under the Policies, so it need not consider Nautilus's remaining grounds.

### A.      The Notice Provisions Are Conditions Precedent to Coverage.

The Policies contain identical notice provisions, which require different types of notice depending on the triggering event, and a provision requiring the insureds to forward certain documents to Nautilus. Relevant here, first, the insured is required to notify Nautilus "as soon as practicable of an 'occurrence' of an offense which may result in a claim."[36] This notice, "to the extent possible," should include "(1) How, when and where the 'occurrence' or offense took place; (2) The names and addresses of any injured persons and witnesses; and (3) The nature and location of any injury or damage arising out of the 'occurrence' or offense."[37] Second, in the event of a claim or a "suit" brought against the insured, the insured must notify Nautilus "as soon as practicable" and "see to it that [Nautilus] receive written notice of the claim or 'suit' as soon as practicable."[38] Finally, in connection with a claim or suit, if the insured receives "demands, notices, summonses or legal papers, it must "immediately" send copies of such documents to Nautilus.[39]

---

[36]   ECF 42-1, ¶ 7.

[37]   *Id.*

[38]   *Id.*

[39]   *Id.*

If the notice provisions and the provision requiring the forwarding of documents are conditions precedent to coverage, and if Nwachukwu and IMC failed to comply, Nautilus will not be obligated to defend or indemnify Nwachukwu or IMC. Accordingly, the Court will first determine whether these provisions are conditions precedent to coverage. When interpreting an insurance policy under Georgia law,[40] the Court begins, "as with any contract, with the text of the contract itself. Where the contractual language unambiguously governs the factual scenario before the court, the court's job is simply to apply the terms of the contract as written, regardless of whether doing so benefits the carrier or the insured." *Reed v. Auto-Owners Ins. Co.*, 284 Ga. 286, 287 (2008).

A notice provision in an insurance policy that "uses language which otherwise clearly expresses the intention that the notice provision be treated as a condition precedent," will be treated as such. *State Farm Fire & Cas. Co. v. LeBlanc*, 494 F. App'x 17, 21 (11th Cir. 2012) (emphasis omitted) (quoting *Res. Life Ins. Co. v. Buckner*, 304 Ga. App. 719, 717 (2010)). For example, if the notice provision is

---

[40] Georgia choice of law rules apply to cases, like this one, where the Court is exercising jurisdiction based on diversity of citizenship. *U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp.*, 550 F.3d 1031, 1033 (11th Cir. 2008). As the insurance Policies were delivered in Georgia, Georgia law governs. *Shorewood Packaging Corp. v. Com. Union Ins. Co.*, 865 F. Supp. 1577, 1578 (N.D. Ga. 1994).

located in a section using the language of "you must see to it" or entitled "Duties in the Event of . . . Claim or Suit," it will be treated as a condition precedent to coverage. *LeBlanc*, 494 F. App'x at 21. Moreover, a policy that includes a notice provision *and* requires compliance with its terms to bring legal action expresses an intention that notice be a condition precedent. *Progressive Mountain Ins. Co. v. Bishop.*, 338 Ga. App. 115, 118 (2016). Similarly, when a policy requires the insured to submit documents to the insurer and requires full compliance with the policy terms prior to legal action, providing the required documents is a condition precedent to recovery. *Allstate Ins. Co. v. Hamler*, 247 Ga. App. 574, 576 (2002); *Durden v. State Farm Fire & Cas. Co.*, 238 F. Supp. 3d 1370, 1380 (N.D. Ga. 2017) (failure to provide "material information" to insurer as required by the policy barred insured's claims).

Here, the notice provisions and the document-forwarding provision are located under a section entitled "Duties In The Event Of Occurrence, Offense, Claim, or Suit," and state that the insured "must" or "must see to it" that the notices are given.[41] This expresses a clear intention that the provisions are a condition precedent to coverage. The Policies also provide that no person has a

---

[41]   ECF 42-1, ¶ 7.

right to sue Nautilus "unless all of [the Policies'] terms have been fully complied with."[42] This further expresses the intention that the provisions are a condition precedent to coverage. Accordingly, if IMC or Nwachukwu failed to comply with the notice provisions or the document-forwarding provision, they are not entitled to coverage and Nautilus is entitled to a declaratory judgment here. *Brit UW Ltd. v. Hallister Prop. Dev., LLC*, 6 F. Supp. 3d 1321, 1329 (N.D. Ga. 2014) ("Failure to comply with such a notice provision bars coverage under Georgia law.").

### B.   IMC and Nwachukwu Failed to Provide the Required Notices

"The issue of whether notice is timely and meets the policy provisions is usually a question of fact for the jury. Unexcused significant delay, however, may be unreasonable as a matter of law." *Silva v. Liberty Mut. Fire Ins. Co.*, 344 Ga. App. 81, 84 (2017) (punctuation omitted). As noted, the Policies have different notice provisions depending on the event that triggers them. Nautilus argues, and the Court agrees, that IMC and Nwachukwu failed to comply with three notice provisions as a matter of law.[43]

---

42   *Id.*

43   Mitchell has neither argued nor presented any facts supporting an argument that Nautilus waived compliance with the notice provisions, and so the Court need not address whether a question of fact exists as to waiver.

### 1. Notice of Occurrence that "May" Result in a Claim

Under the first notice provision, IMC and Nwachukwu were required to "see to it" that Nautilus was notified "as soon as practicable of an 'occurrence' or an offense which *may* result in a claim."[44] Provisions requiring notice to be given "as soon as practicable" have been interpreted by courts applying Georgia law "as requiring 'immediate' notice based on the reasonable diligence of the insured under the circumstances." *Allstate Ins. Co. v. Airport Mini Mall, LLC*, 265 F. Supp. 3d 1356, 1377 (N.D. Ga. 2017) (collecting cases). Further, "Georgia courts have consistently held that the insured's duty to give notice 'as soon as practicable of an occurrence or an offense which may result in a claim,' is triggered when the *potential* for liability related to an occurrence or offense is objectively known to the insured." *Id.* (emphasis in original).

Nwachukwu, in his capacity as owner and officer of IMC, first became aware that Mitchell might file a lawsuit against IMC in late April or early May 2018.[45] He received a demand letter on May 2, 2018.[46] By early June 2018,

---

[44] ECF 42-1, ¶ 7 (emphasis added).

[45] *Id.* ¶¶ 19–20.

[46] *Id.* ¶ 22.

Nwachukwu believed that Mitchell would file a lawsuit,[47] and, in mid-June 2018, Mitchell notified Nwachukwu that she had retained an attorney.[48] On August 27, 2018, Mitchell notified Nwachukwu that she planned to "start the litigation process."[49] Based on this record, the Court finds that Nwachukwu should have known about the potential for liability at least by May 2, 2018, when Mitchell sent him the first demand letter.

Nautilus claims that it first received notice of the Mitchell Suit on December 2, 2019,[50] over a year-and-a-half after Mitchell sent her first demand. Mitchell disputes this, claiming that Nwachukwu told his insurance agent, who was also a friend, about the lawsuit after he was served on February 25, 2019.[51] Mitchell cites a purported transcript and audio recording of a conversation between her attorney and Nwachukwu, during which Nwachukwu states that he told his agent about the lawsuit after he was served.[52] Mitchell's attorney initiated the conversation after Nwachukwu's deposition, during which he stated, under oath, that he did

---

[47] *Id.* ¶ 25.

[48] *Id.* ¶ 26.

[49] *Id.* ¶ 27.

[50] *Id.* ¶ 43.

[51] ECF 47, 3–5.

[52] ECF 47-1; ECF 55.

not tell his agent about the suit.⁵³ Nautilus objects to the Court's consideration of the transcript and audio recording.⁵⁴

Regardless of whether the Court can consider the transcript, and assuming that Nwachukwu giving notice to his agent is the same as giving notice to Nautilus, the delay would still be unreasonable as a matter of law. By the time Nwachukwu was served in late-February 2019, it had been nearly ten months since Mitchell sent her first demand.⁵⁵ Where no valid excuse exists for the delay, "[c]ourts applying Georgia law have held that delays of four months to one year preclude recovery as a matter of law." *Ill. Union Ins. Co. v. NRI Const. Inc.*, 846 F. Supp. 2d 1366, 1371 (N.D. Ga. 2012) (collecting cases).

Nwachukwu's justification for failing to notify Nautilus was that he believed IMC would not be liable for Mitchell's claims and that his Policies would not provide coverage,⁵⁶ but a mistaken belief as to liability is not a valid reason for failing to provide notice of an event that "may" result in a claim. *Lankford v. State Farm Mut. Auto. Ins. Co.*, 307 Ga. App. 12, 14–15 (2010) (failure to notify for nearly

---

53   ECF 43, at 99:8–100:19.

54   ECF 51; ECF 57.

55   ECF 42-1, ¶ 27.

56   *Id.* ¶ 42.

two years based on belief that other insurance would cover claim was unreasonable as a matter of law); *Cotton States Mut. Ins. Co. v. Hipps*, 224 Ga. App. 756, 757 (1997) (misunderstanding as to at-fault party cannot alter plain contract language requiring notice within specific time). Moreover, "[t]he law requires more than ignorance of the terms of a valid insurance contract in order to avoid them." *Townsend v. Nat'l Union Fire Ins. Co.*, 196 Ga. App. 789, 789 (1990) (rejecting claim that insured was unaware he might be entitled to benefits as justification for delay). *See also Protective Ins. Co. v. Johnson*, 256 Ga. 713, 713 (1987) (rejecting claim that employee did not know his employer had insurance as justification for delay); *Mt. Hawley Ins. Co. v. E. Perimeter Pointe Apartments, LP*, 409 F. Supp. 3d 1319, 1331 (N.D. Ga. 2019), *aff'd*, 861 F. App'x 270 (11th Cir. 2021) (finding insured's "ignorance as to the existence of the insurance policies does not excuse its delay").

Thus, even if the Court assumes that Nautilus (through its agent) was notified in late-February 2019, after Nwachukwu was served, this is still nearly ten months after Mitchell's demand letter and is unreasonable as a matter of law. It is unreasonable because Nwachukwu was required to notify Nautilus "as soon as practicable" and, under Georgia law and the plain language of the Policies, Nwachukwu's beliefs that IMC would not be liable or that Mitchell's claim would not be covered by IMC's Policies are not a legally valid justification for the delay.

*LeBlanc*, 494 F. App'x at 23 (insured's four-month delay was unreasonable as a matter of law where only justification was "ignorance of the contents of the policy"). Nwachukwu and IMC failed to satisfy a condition precedent to coverage.

### 2. Notice of a Suit

The second notice provision requires notification of a suit "as soon as practicable" and that the insureds "see to it that [Nautilus] receive written notice of the claim or 'suit' as soon as practicable."[57] Mitchell filed suit on December 26, 2018,[58] and Nwachukwu was served on February 25, 2019.[59]

Even assuming that Nwachukwu informally notified his agent of the suit when he was served, it is undisputed that the first *written* notice Nautilus received was from Mitchell on December 2, 2019,[60] more than nine months later. "Georgia courts have repeatedly held that where no valid excuse exists, failure to give written notice for periods in the range of four to eight months is unreasonable as a matter of law." *Cotton States Mut. Ins. Co. v. Int'l Surplus Lines Ins. Co.*, 652 F. Supp. 851, 856 (N.D. Ga. 1986) (collecting cases). Again, Nwachukwu's belief

---

[57] *Id.* ¶ 7.

[58] *Id.* ¶ 31.

[59] *Id.* ¶ 34.

[60] *Id.* ¶ 43.

that Mitchell's claims would not be covered by the Policies is not a legally valid excuse for his failure to see to it that Nautilus received written notification. Accordingly, he failed to comply with another condition precedent to coverage.

### 3.    Immediate Copies of Documents

Finally, the Policies require that the insured "immediately send [Nautilus] copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit.'"[61] It is undisputed that Nwachukwu, on behalf of himself or IMC, never sent Nautilus copies of the demand letter sent by Mitchell,[62] the demand letter sent by Mitchell's attorney,[63] the summons of the lawsuit,[64] or the order on default.[65] Again, Nwachukwu explains that he failed to do so because he did not know the Policies would cover the claims.[66] Nwachukwu failed to satisfy this condition precedent without a valid justification.

In sum, IMC and Nwachukwu failed to satisfy the notice provisions and the document forwarding provision in the Policies as a matter of law. As these

---

61   *Id.* ¶ 7.

62   ECF 42-1, ¶¶ 22, 42.

63   *Id.* ¶¶ 29, 42.

64   *Id.* ¶¶ 35, 42.

65   *Id.* ¶¶ 35–36, 24.

66   *Id.* ¶ 42.

provisions are a condition precedent to coverage, the Court concludes as a matter of law that Nautilus is not required to defend or indemnify IMC and Nwachukwu with respect to the Mitchell Suit.

## IV.   CONCLUSION

Nautilus's motion for summary judgment [ECF 42] is **GRANTED**. The Clerk is **DIRECTED** to enter judgment in favor of Nautilus and close this case.

**SO ORDERED** this 28th day of March, 2022.

Steven D. Grimberg
United States District Court Judge